```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         BLUEFIELD
```

GRANT THORNTON, LLP.

    Plaintiff,

v.                                          CIVIL ACTION NO. 1:00-655

FEDERAL DEPOSIT INSURANCE
CORPORATION,

    Defendant;

and

FEDERAL DEPOSIT INSURANCE
CORPORATION,

    Plaintiff,

v.                                          CIVIL ACTION NO. 1:03-2129

GRANT THORNTON, LLP,

    Defendant;

and

GARY ELLIS,

    Plaintiff,

v.                                          CIVIL ACTION NO. 1:04-0043

GRANT THORNTON, LLP,

    Defendant.

## MEMORANDUM OPINION

By Order entered on May 12, 2004, the court granted Grant Thornton's motion in limine to exclude from the trial of this matter evidence of other litigation involving, or other work

1

performed by, Grant Thornton or other accounting firms. The reasons for that decision follow.

Grant Thornton urges the court to preclude the FDIC from entering evidence or testimony of other litigation Grant Thornton is or has been involved in, as well as other work performed by Grant Thornton, and other accounting firms. In support of this motion Grant Thornton claims: (1) that the other litigation which the FDIC proposes to introduce is irrelevant because it is not similar in nature; (2) that presenting evidence of additional litigation would unduly prolong the trial as well as unfairly prejudice Grant Thornton, and; (3) the additional evidence would confuse the issues.

The FDIC claims that the issue of prejudice is irrelevant because this trial is a bench trial and, therefore, the judge sits as fact finder and is able to base his decision on the relevant evidence. The FDIC further contends that the additional cases they wish to introduce are similar because they all involve negligence as well as fraud allegations.

While the FDIC is correct in arguing that unfair prejudice is of lesser concern in determining the introduction of evidence in a bench trial, the prolonging of the trial, combined with a lack of sufficient similarity between the additional litigation and the issues and factual circumstances presented in the present case led the court to grant the motion in limine. See United

States v. Hill, 322 F.3d 301, 306 (4th Cir. 2003) (affirming a trial court's exclusion of evidence of another transaction and lawsuit which "would have necessitated an exhaustive case within a case"). Of the twelve cases cited by the FDIC in their response, none concluded with a judicial judgment or liability finding against Grant Thornton.  In Johnson v. Ford Motor Company, 988 F.2d 573, 579 (1993), the Fifth Circuit Court of Appeals held that the party offering evidence of other occurrences "must show that the facts and circumstances of the other accidents or occurrences are closely similar to the facts and circumstances at issue."

   Allowing the FDIC to present evidence of other litigation and work performed by Grant Thornton would prolong the trial, requiring the judge to individually try each of the cases proposed to be offered by the FDIC in order to reach a finding for each one.  The court has broad discretion to exclude evidence under Federal Rule of Evidence 403:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, ... or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The proposed litigation to be introduced by the FDIC spans a time frame of 22 years, and any possible relevance to the present litigation is outweighed by the danger of unfair prejudice and

3

confusion of the issues. Allowing evidence of other litigation would not only cause the issues of the current case to be delayed in discussion, but would confuse the issues by introducing twelve additional fact situations which would have to be dealt with individually before a decision on the merits of the current case could be reached.

Based on the foregoing Grant Thornton's motion in limine to exclude evidence of other litigation involving, or other work performed by, Grant Thornton or other accounting firms was GRANTED.

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record.

**IT IS SO ORDERED** this 13th day of February, 2007.

David A. Faber
Chief Judge